UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIAH SARA FOSTER<br>(a/k/a Mariah Sara McReynolds,<br><br>Defendant. | NO: 2:23-CR-0012-TOR-3<br><br>ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS AND SUPPRESS |

BEFORE THE COURT are Defendant's Motion to Dismiss or Suppress. ECF No. 140.  The Court has reviewed the briefing and files therein and is fully informed.

The Parties are familiar with the facts of this case.  Defendant seeks (1) dismissal of the Indictment based on the Government's failure to prevent perjured testimony in a previous trial, and (2) suppression of evidence based on the lost or destroyed video calls.

ORDER DENYING DEFENDANT'S
MOTIONS TO DISMISS AND SUPPRESS ~ 1

## DISCUSSION

### A. Request for Dismissal

The Government did not introduce perjured testimony in the prior trial, the Defense did. The Government did not use perjured testimony to obtain a criminal conviction. It was not the Government that proffered the false testimony, it was the defense in the trial of *United States v. Randy Del McReynolds*, case no. 2:21-CR-0028-WFN.

The Government introduced evidence showing that the testimony was false. The Government has not violated this Defendant's rights. Dismissal is not the remedy. Defendant's citation to case law does not support her argument. Those cases involved the Government that introduced testimony that may have been false. This case involves the Defense introducing the false evidence.

### B. Request for Suppression

Defendant contends that certain video calls from her to her father in jail were destroyed. Critically, Defendant contends that the video calls "may have been exculpatory." ECF No. 140 at 5.

First, Defendant has not shown that the United States was maintaining those video calls and has not shown that the United States destroyed them. The agent for the United States did not learn about the 30-day retention policy for the video calls until June 20, 2023, long after any relevant video recordings had been purged by

1    the Securus system.  Thus, the United States did not act in bad faith.  The United

2    States is not liable for the county's retention policy to purge the system after 30-

3    days.

4        Again, Defendant cites to case law that does not support the facts of this

5    case.  If the United States destroyed relevant and material evidence then there

6    would be an argument.  But the United States did not destroy the evidence and the

7    Defendant only speculates that it "may have been exculpatory."

8    **WHEREFORE, IT IS ORDERED:**

9        Defendant's Motion to Dismiss or Suppress, ECF No. 140, is **DENIED**.

10       The District Court Executive is directed to enter this order and provide

11   copies to counsel.

12       **DATED** February 19, 2025.

                                THOMAS O. RICE
                                United States District Judge

ORDER DENYING DEFENDANT'S
MOTIONS TO DISMISS AND SUPPRESS ~ 3